E-FILED
Thursday, 04 June, 2020  04:39:07 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-cr-30032** |
| | ) | |
| **JAMES NICHOLS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant James Nichols' Amended Motion for Compassionate Release (d/e 43) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On December 11, 2019, Defendant James Nichols pled guilty to one count of possession with intent to distribute 40 grams or more of a substance containing fentanyl and 10 grams or more of a substance containing a fentanyl analog, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  On April 30, 2020, Defendant was sentenced to 90 months of imprisonment and a term of 4 years of

supervised release.  Defendant is currently serving his sentence at

Macon County Jail and has a projected release date of November 6,

2025.

On May 18, 2020, Defendant filed a pro se motion for

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See

d/e 38.  On May 22, 2020, following the appointment of counsel to

represent Defendant, an Amended Motion for Compassionate

Release was filed.  See d/e 43.  Defendant seeks compassionate

release due to his health issues and the COVID-19 pandemic.  On

June 2, 2020, the Government filed a response opposing

Defendant's motion.  See d/e 44.  The Government argues that

Defendant has not established extraordinary and compelling

reasons to warrant a reduction.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from

modifying a term of imprisonment once it has been imposed.  See

18 U.S.C. § 3582(c).  However, several statutory exceptions exist,

one of which allows the Court to grant a defendant compassionate

release if certain requirements are met.  See 18 U.S.C. §

3582(c)(1)(A).

Page 3 of 6

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant failed to pursue any administrative remedy prior to his motion.  The Court concludes that § 3582(c)(1)(A) does not require the Court to wait to consider a compassionate release request if there is a credible claim of serious and imminent harm from this pandemic.  That does not mean the Court will waive the exhaustion requirements in all cases.  The decision must be made on a case-by-case basis.  In this case, Defendant Nichols remains at a county jail because BOP is refusing to accept new inmates, which makes it impossible for Defendant to exhaust his administrative remedies or file a request with the ward of a BOP facility.  The Government agrees administrative exhaustion is not an issue in this case as BOP would not rule on a request filed by an inmate not in their custody.  Therefore, the Court excuses Defendant Nichols's failure to exhaust his administrative remedies or meet the 30-day requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established

that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Social distancing can be difficult for individuals living or working in a prison.

However, the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease.  While the Court is sympathetic to Defendant's health conditions, he has not shown that he would be at a higher risk at Macon County Jail than he would be if released.  As of June 2, 2020, there are no confirmed cases of COVID-19 at Macon County Jail.  See Response, d/e 44.  According to the Government, Macon County Jail has implemented rigorous procedures designed to prevent the virus from spreading through its facility and has medical staff available at the facility.  Additionally, Defendant has not submitted a viable release plan if released.

The Court, taking all the relevant facts into account, finds that Defendant has not established the existence of extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Nichols's pro se motion (d/e 38) and amended motion for compassionate release (d/e 43) are DENIED.  This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change.  The Clerk is DIRECTED to send a copy of this Opinion to the U.S. Marshals Service and Macon County Jail.

ENTER:  June 4, 2020.

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
