IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cr-30032 |
| | ) | |
| JAMES NICHOLS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant James Nichols' second pro se motion for compassionate release (d/e 53) and defense counsel's amended motion for compassionate release (d/e 60) requesting a reduction in Defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the motions are DENIED.

**I. BACKGROUND**

On December 11, 2019, Defendant James Nichols pled guilty to one count of possession with intent to distribute 40 grams or more of a substance containing fentanyl and 10 grams or more of a substance containing a fentanyl analog, in violation of 21 U.S.C. §§

841(a)(1) and (b)(1)(B).  On April 30, 2020, Defendant was sentenced to 90 months of imprisonment and a term of 4 years of supervised release.  Defendant is currently serving his sentence at FCI Forrest City Low and has a projected release date of November 6, 2025.

On May 18, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See d/e 38.  On May 22, 2020, following the appointment of counsel to represent Defendant, an Amended Motion for Compassionate Release was filed.  See d/e 43.  On June 4, 2020, the Court denied Defendant's pro se motion and amended motion for compassionate release.  At the time of that denial, Defendant was in the custody of the U.S. Marshal at Macon County jail.

On November 18, 2020, Defendant filed a second pro se motion for compassionate release (d/e 53).  Defendant retained defense counsel, who filed two motions for extensions of the briefing deadlines to allow time for Defendant to file a motion for compassionate release with the warden of his BOP facility once Defendant was transferred.  Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic.

On January 12, 2021, the Government filed a response opposing Defendant's motion. See d/e 66. The Government argues that Defendant has not exhausted his administrative remedies or established extraordinary and compelling reasons to warrant a reduction.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP

denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant argues that on December 8, 2020, he submitted a request to the warden of the FCI Forrest City prison complex, but Defendant has not yet received a response. See Amended Motion, d/e 60. However, Defendant has not submitted any proof that he submitted a request to the warden of his current facility. Defendant submitted an email he sent to his attorney (see

d/e 60-1) stating that he submitted a request, but his email does nothing more than show Defendant claims he submitted a request to his warden.  See United States v. Williams, 829 F. App'x 138, 140 (7th Cir. 2020) ("The district court correctly denied compassionate release for Williams based on his failure to present proof that he had satisfied § 3582(c)(1)(A)'s exhaustion requirement.").  Moreover, the Government contends that Defendant has not properly filed a request for compassionate release with the warden of his facility.  Therefore, the Court finds that Defendant failed to meet the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

The Court also notes that Defendant has failed to provide an adequate proposed release plan.  While investigating Defendant's first motion for compassionate release, the United States Probation Office investigated three proposed release plans.  None of the proposed release plans were suitable.  See d/e 42.  For the pending motion for compassionate release, Defendant submitted a new proposed release plan.  See d/e 62.  The new release plan is not suitable for placement because the hosting family refused to host Defendant at their home.  Defendant submitted another release plan, which was a plan he previously submitted with his first

motion.  See d/e 68.  The United States Probation Office has found the placement unsuitable because the hosting individual lives in public housing and the individual could be kicked out of her residence for hosting Defendant.  See d/e 42.

### III. CONCLUSION

For the reasons set forth above, Defendant Nichols's pro se motion (d/e 53) and amended motion for compassionate release (d/e 60) are DENIED.  The Clerk is DIRECTED to send a copy of this Opinion to FCI Forrest City Low.

**ENTER:  January 20, 2021.**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**